IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) CASE NO.: 1:15cr00036-001 |
| | ) **REPORT AND RECOMMENDATION** |
| QUANTE LEON BOOKER, | ) |
| Defendant | ) |

This matter is before the court on the Motion To Suppress, (Docket Item No. 31), ("Motion"), filed on behalf of the defendant, Quante Leon Booker. The Motion was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B). An evidentiary hearing was held before the undersigned on April 25, 2016. For the reasons set forth below, I recommend that the court deny the Motion.

*I. Facts*

By Indictment issued by a grand jury sitting in this district on November 9, 2015, the Government charged Booker with one count of making false statements, in violation of 18 U.S.C. § 1001. The Indictment alleged that Booker made false statements and representations on May 12, 2015, to an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, ("ATFE"), regarding Booker's knowledge of the recent theft, transfer and location of certain firearms.

This matter is currently before the court on Booker's Motion seeking the suppression of two of his prior statements because these statements were not disclosed to defense counsel as required under Federal Rules of Criminal Procedure Rule 16(a)(1)(A). The Motion seeks to suppress all statements Booker

1

made to any law enforcement officer on May 12, 2015, and all statements he made to any informant, whether they were recorded or not, in July 2014.

The Government's evidence shows that it made the discovery materials, including a report summarizing Booker's May 12, 2015, statements to an ATFE agent, available to defense counsel on November 18, 2015. The Government, subsequent to the hearing, conceded that it could not show that it produced a summary of or a recording of the defendant's 2014 statements to a confidential informant to defense counsel in November 2015. In March 2016, the Government, at the request of defense counsel, attempted to make the discovery materials available to defense counsel again. The Government concedes that a computer error occurred, and, because of this error, all of the materials originally made available for review in November, including the report summarizing Booker's May 12, 2015, statements to an ATFE agent, were not made available on this occasion. Counsel agree, however, that the Government produced summaries of both statements to defense counsel a few days before the April 25, 2016, hearing.

## II. Analysis

Rule 16 of the Federal Rules of Criminal Procedure requires the Government, upon the defendant's request, to disclose the substance of any relevant oral statement made by the defendant in response to questioning by a government agent, if the Government intends to use the statement at trial. *See* FED. R. CRIM. P. 16(a)(1)(A). Rule 16 also requires the Government, upon the defendant's request, to disclose and make available for inspection and copying any recorded statement of the defendant. *See* FED. R. CRIM. P. 16(a)(1)(B). If the Government fails to comply with its Rule 16 disclosure obligations, the court may issue curative orders,

including an order to suppress the evidence not properly produced. *See* FED. R. CRIM. P. 16(d)(2)(C).

The evidence before the court in this case shows that the Government produced a summary of the defendant's May 12, 2015, statement to defense counsel in November 2015. The evidence further shows that, when it came to the Government's attention defense counsel was claiming it had not properly disclosed this evidence, it immediately made both Booker's July 2014 and May 2015 statements available to defense counsel. At the hearing, defense counsel conceded that he could show no prejudice from the Government's failure to produce Booker's July 2014 statement until a few days earlier. That being the case, I recommend that the court deny the Motion.

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

As supplemented by the above summary and analysis, the undersigned now submits the following formal findings, conclusions and recommendations:

1. The Government properly produced the defendant's May 12, 2015, statement to defense counsel in November 2015;
2. The Government did not produce the defendant's recorded July 2014 statements to a confidential informant to defense counsel until April 2016;
3. Defense counsel has conceded that he can show no prejudice from the late disclosure of defendant's July 2014 statements; and
4. Under these circumstances, the suppression of these statements is not appropriate.

3

## RECOMMENDED DISPOSITION

For the reasoning set out above, the undersigned recommends that this court deny the Motion.

### **Notice to Parties**

Notice is hereby given to the parties of the provisions of 28 U.S.C.A. § 636(b)(1)(C):

> Within fourteen days after being served with a copy [of this Report and Recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

Failure to file timely written objections to these proposed findings and recommendations could waive appellate review.

The Clerk is directed to send certified copies of this Report and Recommendation to all counsel of record at this time. At the conclusion of the 14-day period, the Clerk is directed to transmit the record in this matter to the Honorable James P. Jones, United States District Judge.

ENTER: May 6, 2016.

/s/ *Pamela Meade Sargent*
UNITED STATES MAGISTRATE JUDGE